STATE v. C. U. WILLIAMS.

(Filed 1 November, 1916.)

**Trials—Courts—Expression of Opinion—Statutes—Schools — Teachers—Assaults.**

> Where a school teacher is tried for an assault upon a lad, his pupil, and the evidence is conflicting as to whether he acted in the exercise of proper chastisement, or "slung him around," hit him against a wall, and he fell to the floor, causing an injury, a charge of the judge to the effect that the judge believed in whipping posts, but that the defendant had no right to sling the boy against the house and bruise him, and that the proper way was to have taken a switch and whipped him, is an expression by the court of his opinion on the evidence, forbidden by the statute.

CRIMINAL ACTION, originating in the recorder's court and tried upon appeal in the Superior Court of COLUMBUS County, April Term, 1916, *Peebles, J.,* presiding. The warrant charges an assault and battery upon Henry C. Jolly, Jr., by "slamming him down on the floor, and up against the side of the house in a very cruel and hurtful manner." The defendant was adjudged guilty by the jury and from the judgment appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*R. H. Miller, Irwin B. Tucker for defendant.*

BROWN, J. The State introduced evidence tending to prove that H. C. Jolly, Jr., 8 years of age, a pupil in the Chadbourn High School, hit one Willie Smith, another pupil, and that defendant, who was principal of said school, took Jolly by the collar, "slung him around," hit him against the wall, and he fell to the floor, causing a scar or bruise on his hip, and otherwise injuring him.

There was also evidence tending to prove that defendant was angry and "looked mad" when he punished the boy.

The defendant testified in part: "As this Jolly boy's grade was coming up through the door, some of them marching on one side and some on the other, I noticed him draw back and hit another boy in the back, and I, being very busy right then, caught the boy by the coat collar and pulled him out of ranks and shook him up in the meanwhile. I had no other way of punishing him at that time, and I was going to the auditorium to conduct the exercises. I did not strike him." And further: "I did not throw the boy 4 feet. . . . I did not throw him at all. I caught him by the collar and gave him a twist, and when

I did my hand came loose 'and he fell on the floor, and I caught him up and shoved him in line with the rest of the grade."

Among other instructions to the jury, his Honor charged: "It is very true that teachers have a right to chastise the children in the usual manner with a whip, and the law presumes that they do it properly until the contrary appears. Nobody believes more in the use of the whip than I do. I think if we would go back to the old whipping post we would have less crime in the land than we have got now. But school teachers have got no right to take a boy and sling him up against the house and bruise or make a bruise on him, and have no right to catch (him) by the collar and sling him around and throw him down on the floor and cause a bruise on him. The proper way is to take a switch and whip him."

The exception to these remarks of the court must be sustained. They are undoubtedly a strong expression of opinion upon the facts, and clearly in violation of the statute. The learned judge seemed to be inadvertent to the testimony of the defendant, who denied the acts charged against him. The defendant was entitled to have the jury pass on his defense free from the influence of the court's opinion upon the facts.

Our statute prohibits the trial judge from expressing an opinion upon the facts, and it is the very bulwark of a free and impartial trial by jury. Without the statute verdicts of juries would in most cases simply reflect the opinion of the court.

New trial.